IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JERRY MANES, Reg. No. 526585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4091-CV-C-NKL |
| | ) | |
| DR. JACQUES LAMOUR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On July 26, 2007, defendants Garcia and Lamour filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for plaintiff's failure to state a claim against them. Plaintiff responded in opposition and the motion is now fully submitted.[1]

### Legal Standard

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

### Discussion

Plaintiff alleges in his complaint that defendants have been deliberately indifferent to his serious medical needs with regard to a digestive tract disorder. Plaintiff, who is incarcerated in a Missouri penal institution, asserts defendants have not provided him with appropriate medical care or referred him to a specialist for treatment.

Defendants seek dismissal on the basis that plaintiff merely disagrees with the course of his medical treatment, and thus, he fails to state a claim for which relief can be granted.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants note that plaintiff's initial documents show he has been receiving medical care, his diagnostic testing has been normal, and his treating physicians do not believe referral to a specialist is medically needed.

After the current motion was fully submitted, defendants Lamour and Garcia filed a motion for summary judgment and submitted excerpts from plaintiff's medical records. Giving plaintiff the benefit of the doubt at the motion-to-dismiss stage, and in light of the recently submitted motion for summary judgment with supporting documents, the court recommends denial of the motion to dismiss. Plaintiff's response to the motion for summary judgment is due by December 31, 2007, and a ruling on the merits can be issued after the motion is fully submitted. Plaintiff is advised that his failure to respond timely to the motion for summary judgment may be treated as a lack of opposition to the entry of judgment in favor of defendants.

For the reasons set forth above, it is

RECOMMENDED that defendants' motion of July 26, 2007, to dismiss be denied. [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of December, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge