IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JERRY MANES, Reg. No. 526585,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　　　) No. 07-4091-CV-C-NKL
　　　　　　　　　　　　　　　　　　　)
DR. JACQUES LAMOUR, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　)

### REPORT, RECOMMENDATION AND ORDER

On November 28, 2008, defendants Drs. Jacques Lamour and Alfred Garcia[1] filed a motion for summary judgment on plaintiff's complaint. Plaintiff filed suggestion in opposition on January 16, 2008, and defendants a reply on March 13, 2008.[2]

Plaintiff's complaint seeks monetary and injunctive relief for denial of adequate medical care, in violation of his constitutional rights under the Eighth Amendment. Plaintiff's complaint specifically states "[d]enial of access to medical personnel with the necessary specialized expertise to exercise judgment about a particular medical problem; To allow plaintiff to be referred a Gastroenterologist -- a doctor who specializes in diseases of the digestive tract." [sic] (Complaint at 5.) Plaintiff states that the doctors who have treated him at Jefferson City Correctional Center have misdiagnosed his symptoms as Irritable Bowel Syndrome (IBS), and that his symptoms more accurately indicate a far more serious condition, such as Crohn's disease or ulcerative colitis.

Defendants' summary judgment motion argues that the record demonstrates plaintiff has received medical care for his complaints regarding his colon and bowel. Defendants assert six doctors have provided care to plaintiff for his complaints over a three-year period. Defendants

---

[1]Defendants' summary judgment motion states in n.2 that while Dr. Haas has not been served and no waiver of service filed, the arguments in this motion apply fully to Dr. Haas.

[2]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

state that none of the physicians has seen a need to refer plaintiff to a specialist. Defendants state plaintiff's complaints regarding his colon and bowel have been evaluated, stool and blood tests completed, a colonoscopy performed and medication prescribed. Defendants assert that plaintiff has no evidence to support that defendants have denied him medical care or been deliberately indifferent to his medical condition.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989). If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000). To succeed on Eighth Amendment deprivation of medial care claim, a plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence

in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). An inmate must show (1) an objectively serious medical need; and (2) that defendants actually knew of the medical need but were deliberately indifferent to it. Jones. V. Minnesota Dep't of Corrections, 512 F.3d 478, 481 (8th Cir. 2008). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Long v. Nix, 86 F.3d at 765). A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Here, although plaintiff asserts a serious medical need, his assertions fail to raise a genuine dispute of fact from which a trier-of-fact could conclude the defendant doctors who treated him have been deliberately indifferent to his serious medical needs.

Plaintiff has failed to demonstrate an objectively serious medical need of which defendants had knowledge, but were deliberately indifferent to such need. Plaintiff has failed to refute the medical records presented by the defendants demonstrating the extensive care provided to plaintiff. In fact, plaintiff acknowledges he has received medical care for his complaints and diagnosis of IBS. Plaintiff's belief that this diagnosis is incorrect and that his symptoms are more indicative of Crohn's disease or ulcerative colitis, fail to create a question of deliberate indifference to a serious medical need. Plaintiff's disagreements with his doctors

3

about his diagnosis and their determination that referral to a specialist is not required, are an insufficient basis for a reasonable trier-of-fact to find defendants have been deliberately indifferent to his serious medical needs. Plaintiff's assertions that defendants are making the diagnosis of IBS because IBS requires easier treatment is unsupported by evidence. Rather, plaintiff, untrained in the medical field, relies on his own speculative belief and diagnosis.

Plaintiff's assertion that discovery will allow him to come forward with evidence supporting his claims of deliberate indifference against defendants Garcia and Lamour is without merit.³ Defendants have already produced plaintiff's relevant prison medical records. If plaintiff wants additional medical records, he has the capability of obtaining his own medical records, and does not need to seek such records by means of discovery.

Moreover, the discovery records plaintiff seeks appear to be from defendant Dr. Doerhoff, whom plaintiff did not name as a defendant in his original complaint, and who has not been served with process. Challenges to the actions of Dr. Doerhoff fail to provide a basis for denying the motion of defendants Drs. Garcia and Lamour for summary judgment.

To the extent Dr. Doerhoff's action of conducting plaintiff's colonoscopy is relevant to plaintiff's subsequent diagnosis and care by Dr. Garcia , the court finds that plaintiff's allegations regarding Dr. Doerhoff's conducting of the colonoscopy procedure and his findings, are claims based on nothing more than a disagreement in diagnosis and treatment. Although Dr. Garcia does not dispute that Dr. Doerhoff did not conduct his referral for biopsy procedure during plaintiff's colonoscopy, Dr. Garcia's affidavit states Dr. Doerhoff's findings of "entirely normal" during the colonoscopy procedure, ruled out ulcerative colitis and Crohn's disease, and therefore, there was not a medically necessary reason for Dr. Doerhoff to perform the referral for a biopsy. See Austin v. Craighead, 189 Fed. Appx. 583, 584 (8th Cir. 2006) (unpublished) (where doctor's examination of inmate following an alleged eye injury, showed to be normal, the doctor's determination that referral to eye specialist was not warranted did not constitute deliberate indifference). Dr. Garcia's affidavits states that Dr. Doerhoff was entitled to exercise his independent professional judgment and determine what course of treatment was necessary,

---

³Rule 56(c) does not require the completion of all discovery before a court may properly grant summary judgment. Dulany v. Carnahan, 132 F.3d at 1238.

4

including making the determination that a biopsy procedure was unnecessary at the time of the colonoscopy procedure. As set forth previously, a doctor does not commit deliberate indifference to a prisoner's medical needs because he exercises his own independent judgment; doctors remains free to exercise their independent professional judgment; and a prisoner is not entitled to any particular course of treatment. See Dulany v. Carnahan, 132 F3d at 1240.

Plaintiff's assertion that he saw abnormalities on the viewing screen during the colonoscopy procedure that Dr. Doerhoff did not acknowledge, continues with plaintiff's claims of disagreement with the diagnosis of Dr. Doerhoff. Such an allegation fails to state a claim of deliberate indifference, and to the extent Doerhoff's medical findings were relied upon by Dr. Garcia, there is no evidence that relying on the results of the colonoscopy procedure for purposes of further diagnosis and treatment of plaintiff's symptoms, constituted deliberate indifference to plaintiff's medical care. There is no evidence that plaintiff has any medical training and his medical records show he was sedated with Morphine and Versed during the colonoscopy procedure, thus making his allegations of abnormalities being deliberately ignored incredible to Dr. Garcia and to a reasonable trier-of-fact. Plaintiff's speculative allegations that Doerhoff's medical findings were in error, as well as the reliance on such findings by Dr. Garcia, fail to provide sufficient evidence from which a reasonable trier-of-fact could conclude that defendants' treatment of plaintiff's medical complaints constituted deliberate indifference to a serious medical need. At most, plaintiff's claims are that of alleged medical malpractice, which do not violate the Eighth Amendment of the Constitution. Roberson v. Bradshaw, 198 F.3d 645 (8th Cir. 1999). Plaintiff's claims are insufficient to create a genuine issue of material fact on his claims of deliberate indifference. See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118 (8th Cir. 2007) ("inmate must clear a substantial evidentiary threshold to show that the prison's medical staff deliberately disregarded the inmate's needs by administering an inadequate treatment.")

Subsequent to defendants' motion for summary judgment being fully briefed, plaintiff filed a motion to amend seeking to file an amended complaint and identifying John Doe as Dr. Carl Doerhoff, and seeking to have process served on named defendant Dr. Haas, whom plaintiff previously failed to serve. Defendants have responded, citing undue prejudice and that the amendment would be futile.

5

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted absent a good reason for denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994).

Here, clearly the filing of an amended complaint would prejudice defendants whose summary judgment is fully briefed. Moreover, plaintiff's amended claims involve the same basis for relief as his original complaint, and for the reasons set forth above, the court also finds that plaintiff's amended complaint would be futile.

IT IS, THEREFORE, ORDERED that plaintiff's motion for leave to amend is denied. [32] It is further

RECOMMENDED that the motion of defendants Drs. Lamour and Garcia for summary judgment be granted and plaintiff's claims be dismissed. [17]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge